# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 19-0682** (BOR Appeal No. 2054082)
             (Claim No. 2019002990)

**ROGER MAYNARD,**
**Claimant Below, Respondent**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Consol of Kentucky, Inc., by Counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Roger Maynard, by Counsel Kendal E. Partlow, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on September 28, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its March 19, 2019, Order and held the claim compensable for left carpal tunnel syndrome and bilateral cubital tunnel syndrome. The Order was affirmed by the Board of Review on July 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Maynard, a coal miner, asserts that he developed left carpal tunnel syndrome and bilateral cubital tunnel syndrome in the course of and resulting from his employment. He was treated for upper extremity symptoms on July 9, 2017, at Three Rivers Medical Clinic. He indicated that he had recently retired and reported pain in his right shoulder. On examination, Mr. Maynard's right-hand grip strength was weak. He was unable to raise his right arm above his head and had tenderness in the medial nerve.

1

Mr. Maynard sought treatment from Stanley Tao, M.D., with Scott Orthopedic Center on July 31, 2017. Dr. Tao diagnosed right shoulder impingement syndrome and bilateral cubital tunnel syndrome. On August 8, 2017, Mr. Maynard reported right and small finger numbness as well as neck pain. He also had weakness in his right arm. Dr. Tao diagnosed cubital tunnel syndrome. Mr. Maynard underwent right cubital tunnel release on August 24, 2017. On June 8, 2018, an EMG showed mild to moderate left carpal tunnel syndrome and mild right carpal tunnel syndrome.

Mr. Maynard submitted an Employees' and Physicians' Report of Injury on July 19, 2018, indicating he injured his wrists and elbows due to repetitive stress from operating machinery. The physicians' section indicates he developed an occupational disease to his bilateral hands and extremities. On September 19, 2018, Rachel Baisden, PA, completed a carpal tunnel syndrome report in which she stated that Mr. Maynard's symptoms were bilateral. The claims administrator rejected the claim on September 28, 2018.

Bruce Guberman, M.D., performed an independent medical evaluation on November 6, 2018, in which he noted that Mr. Maynard denied having diabetes. Dr. Guberman diagnosed bilateral cubital tunnel syndrome and left carpal tunnel syndrome. He attributed the conditions to Mr. Maynard's job duties. Dr. Guberman stated that he considered confounding conditions but ultimately concluded that Mr. Maynard's conditions resulted from his employment. Dr. Guberman assessed 8% impairment for right cubital tunnel syndrome and 12% for left cubital and carpal tunnel syndromes.

On December 4, 2018, Mr. Maynard testified in a hearing before the Office of Judges that he worked as a heavy equipment operator for the employer and others before that. He had been a heavy equipment operator since 1980. Mr. Maynard stated that he was required to use his hands, elbows, and wrists to perform forceful movements.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for left carpal tunnel syndrome and bilateral cubital tunnel syndrome in its March 19, 2019, Order. It found that the claims administrator rejected the claim because half of all carpal tunnel cases are idiopathic, confounding conditions can cause the development of carpal tunnel syndrome, Mr. Maynard has confounding conditions, and he underwent right cubital tunnel syndrome surgery two and a half years prior to filing for benefits. The Office of Judges found that Mr. Maynard testified that he worked as a heavy equipment operator, which required daily use of his upper extremities in a forceful, repetitive manner. The Office of Judges determined that his testimony was not contradicted by any evidence of record. The Office of Judges also found that Dr. Guberman reviewed Mr. Maynard's job duties and his confounding conditions and still concluded that his bilateral cubital tunnel syndrome and left carpal tunnel syndrome were work-related.

The Office of Judges found that the claim was filed within three years of Mr. Maynard's date of last exposure and was therefore timely. The Office of Judges noted that the claims administrator's first two reasons for rejecting the claim were merely quotations from West Virginia Code of State Rules § 85-20, and the claims administrator failed to explain how they related to Mr.

Maynard's case. The Office of Judges found that while the claims administrator stated that Mr. Maynard has confounding conditions, it failed to identify the specific conditions. The Office of Judges stated that the fact that Mr. Maynard underwent right cubital tunnel surgery prior to filing for workers' compensation benefits was an insufficient reason to deny the claim. The claim was timely filed, and the Office of Judges found that it should be held compensable. The Board of Review affirmed the Office of Judges' Order on July 19, 2019.

After review, we agree with the Board of Review. Mr. Maynard showed that he developed bilateral cubital tunnel syndrome and left carpal tunnel syndrome in the course of and resulting from his employment. The physicians of record either did not render an opinion regarding causality or found that Mr. Maynard's conditions developed as a result of the compensable injury. Dr. Guberman provided the only independent medical evaluation of record and found, after reviewing Mr. Maynard's job duties, that he developed bilateral cubital tunnel syndrome and left carpal tunnel syndrome in the course of and resulting from his employment. His opinion is reliable and supported by the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison